# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

----------------------------------------------------------- X

| | |
|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | : 3:09-md-02100-DRH-PMF |
| | : MDL No. 2100 |
| ----------------------------------------------------------- | : |
| **This Document Relates to:** | : Judge David R. Herndon |
| | |
| *Craig Wygant, et al., v. Bayer Corp., et al.* Case No. 3:10-cv-20439 | **ORDER GRANTING MOTIONS TO REMAND** |
| | |
| *Carly Dubois, et al., v. Bayer Corp., et al.* Case No. 3:10-cv-20508 | |

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the above captioned plaintiffs' motions to remand to state court. For the reasons discussed below the Court **GRANTS** the motions to remand.

The plaintiffs in the above captioned cases filed suit in California state court against Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC (collectively, "Bayer"), and McKesson Corporation ("McKesson"), among others. The gravamen of Plaintiffs' claims is that the Bayer Defendants made false representations and concealed material facts concerning the safety and efficacy of YAZ, Yasmin, and/or Ocella.

Bayer timely removed each action to the Northern District of California alleging that complete diversity of citizenship exists, and no properly

joined and served defendant was a citizen of the State of California. Specifically, Bayer argued that the only non-diverse defendant, McKesson, had been fraudulently joined because the complaints failed to allege that McKesson supplied the actual YAZ, Yasmin, or Ocella pills that the plaintiffs purportedly ingested – an allegation essential to establishing that McKesson proximately caused the plaintiffs' alleged injuries (3:10-cv-20439 Doc. 1 ¶¶ 25-31; 3:10-cv-20508 Doc. 1 ¶¶ 25-31).[1] Thereafter, each action was transferred to these Multidistrict Litigation Proceedings (3:10-cv-20439 Doc. 17; 3:10-cv-20508 Doc. 12).

The plaintiffs in each action filed a motion to remand arguing that their allegations as to McKesson were sufficient.[2] In the alternative, the plaintiffs sought leave to amend their complaint to allege that McKesson supplied the subject drugs. *Id.* The Court granted leave to amend on May 26, 2011 (3:10-cv-20439 Doc. 25; 3:10-cv-20508 Doc. 18).

On June 24, 2011, the plaintiffs filed amended complaints alleging that McKesson supplied the drugs that each plaintiff allegedly ingested (3:10-cv-20439 Doc. 26 ¶ 22; 3:10-cv-20508 Doc. 19 ¶ 22). In light of the allegations in

---

[1] This Court has previously concluded that various plaintiffs' failure to plead that McKesson supplied the pills that the plaintiffs ingested was fatal to the plaintiffs' claims against McKesson. *See e.g., Jankins v. Bayer Corp.,* 2010 WL 1963202 (S.D. Ill. May 14, 2010) (Herndon, C.J.).

[2] The plaintiffs in *Dubois* filed their motion to remand after the action was transferred to this MDL (3:10-cv-20508 Doc. 15). The plaintiffs in *Wygant* filed their motion to remand in the transferor district court and the motion was pending upon transfer to this MDL (3:10-cv-20439 Doc. 20).

plaintiffs' amended complaints, the Court finds that McKesson has not been fraudulently joined.

The Court therefore **ORDERS** as follows:

### *Craig Wygant, et al., v. Bayer Corp., et al.* Case No. 3:10-cv-20439

- Plaintiffs' motion to remand to state court is **GRANTED**.

- The Clerk is instructed to **REMAND** this case back to the Superior Court of the State of California, County of San Francisco, pursuant to 28 U.S.C. § 1447(c).

- The Court will not award attorneys' fees and costs associated with Plaintiff's Motion to Remand.

### *Carly Dubois, et al., v. Bayer Corp., et al.* Case No. 3:10-cv-20508

- Plaintiffs' motion to remand to state court is **GRANTED**.

- The Clerk is instructed to **REMAND** this case back to the Superior Court of the State of California, County of San Francisco, pursuant to 28 U.S.C. § 1447(c).

- The Court will not award attorneys' fees and costs associated with Plaintiff's Motion to Remand.

**SO ORDERED.**

David R. Herndon
2011.07.12
07:39:13 -05'00'

**Chief Judge**  Date: July 12, 2011
**United States District Court**